# IN THE COURT OF APPEALS OF IOWA

No. 18-0396
Filed January 9, 2020

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**SHANE ALLEN CHEELY,**
       Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Mary Ann Brown (plea) and Mark Kruse (sentencing), Judges.

Shane Cheely appeals his guilty plea to possession of marijuana as a habitual offender. **AFFIRMED.**

Trent A. Henkelvig of Henkelvig Law, Danville, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Shane Cheely was charged with multiple drug offenses. Cheely pled guilty to possession of a controlled substance as a habitual offender in violation of Iowa Code sections 124.401(5) and 902.8 (2017). The district court accepted the plea. Cheely filed no motion in arrest of judgment. The district court proceeded with sentencing.

On appeal, Cheely claims his plea was not intelligently made because the district court's plea colloquy did not meet the requirements of *State v. Harrington*, 893 N.W.2d 36 (Iowa 2017).[1] But before we can reach Cheely's substantive claim, we must consider error preservation. Iowa Rule of Criminal Procedure 2.24(3)(a) provides: "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Cheely admits no motion in arrest of judgment was filed. So it appears error was not preserved.

We are mindful that the sanction of Rule 2.24(3)(a) does not apply unless the district court substantially complied with Rule 2.8(2)(d).[2] *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). Cheely appears to admit that the district court substantially complied with Rule 2.8(2)(d). In its responsive brief, the State draws

---

[1] Because we do not reach the merits, we offer no opinion as to whether *Harrington* alters the guilty plea requirements set forth in Iowa Rule of Criminal Procedure 2.8(2)(b).

[2] Iowa Rule of Criminal Procedure 2.8(2)(d) requires the district court "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."

attention to this apparent admission.  We accept the parties' apparent agreement on this point.

On this record, we cannot conclude Cheely preserved error.  So we decline to reach the merits.

We affirm Cheely's conviction.

**AFFIRMED.**